Our next case this morning is Fox v. Hathaway. Mr. Verdelia? Very good. On the first try, too, Judge. Okay. You may proceed. Thank you. My name is George Verdelia. May it please the Court and Counsel, I represent Julia Hathaway. The primary issue that pretty much washes away all the other issues, if it's decided correctly, is that the trustee did not meet its burden in proving insolvency in this transaction. Trustees submitted into evidence in the Bankruptcy Court Trustee's Exhibit 32, which is a reflection of the accounts receivable from the bankruptcy debtor's primary client. Trustees' Counsel prepared that exhibit. That exhibit was based on bank records of the debtor. Third party created bank records of the debtor. Those bank records and that Exhibit 32, Trustees' Exhibit 32, clearly shows millions of dollars of accounts receivable at the same time the accountant's report, which we'll get to in a moment, shows little or no assets. The part of this, I totally follow the argument. The part of this that I can't figure out is, if you look at the chart you set out on pages 7 and 8, so what you're saying, of course, is that the net worth is positive, the net worth is positive, there's no insolvency, there was an error committed there. And that requires us, doesn't it, to accept what you're saying about the West report. But we can't find the West report. It's Trustees' Exhibit 39. So point it out to me in your appendix. I don't have the West report in the appendix, but the Trustees' exhibits were all part of the record. No, no, no, the West report is what I can tell you. I'd really, really like to look at it, and I can't find it. Well, Your Honor, I didn't include it as part of my appendix. Is it available? It's a part of the record on appeal. Where? Where? All the trial exhibits are part of the record on appeal. I can't find it. I apologize if there's something that I didn't do right, but my understanding was all of the exhibits were transferred from the bankruptcy court to the district court, and then all of the same exhibits were transferred from the district court to the Seventh Circuit. I mean, the absence of the West report was a bit of an issue, was it not, in the district court's opinion? And it's also featured, if I'm not mistaken, in the argument made in the red brief by your adversary, the failure to comply with the rules to make sure that the record is complete. Are you aware of that? I'm not aware that the West report is not a part of the record. I'm not aware of that. And obviously, to the extent it's not a part of the record, I ask Lee to supplement the record because I understand what the court is saying, and my understanding from the bankruptcy court appeal all the way through was that all trial exhibits were submitted as part of the record on appeal. After the red brief came in, did you consider making sure that the West report was before this court? I did not, Your Honor, because I interpreted the red brief to simply generally say that the record on appeal was incomplete, and I did not focus it on the same way that Your Honor has. No, go ahead. I don't want to take you away anymore. No, I understand. The fact of the matter is, and let's get to the West report now, counsel has not contended anywhere in any brief at any level of this proceeding that the West report did in fact take into account any of this information. Counsel and the West in her testimony acknowledged she did not consider as part of her job to determine when accounts receivable and accounts payable were booked and when accounts receivable were scheduled to come in. She looked at the QuickBooks and nothing else that is undisputed in the record, and for her to look at the QuickBooks and nothing else and her admission to that and counsel's failure to contest that in any of his briefs establishes that she looked at something that she had not tested to determine whether or not it was a legitimate reflection of the assets and liabilities of the company, which was her task. Her task was to determine what the assets and liabilities of the company were at any point in time, and she used a tool that was ill-suited to the purpose. How are we supposed to evaluate that without the report? And the district court was similarly hampered, so it's not like this should be coming as any surprise to you right now. It was an issue in the district court. It's been an issue here because it was briefed by your opponent. The allegations that I've put forth in the briefs regarding the report have not been contested. Nothing that I have said about her report and nothing she says in her testimony contradicts anything that I've put forth in my brief about the West report. At the bankruptcy court level, the bankruptcy court judge said that the issue is not whether there were receivables, but the issue is whether the assets exceed the liabilities. We referenced that quote several times in our briefs. I'm sorry, you're referring to the bankruptcy court's opinion now? Yes. That also is not in your appendix. True, but it is cited as part of the... That's also a violation of the rules. Your appendix has to include both the district court's opinion and the bankruptcy court's opinion. Understood, Your Honor. So why shouldn't we just dismiss this appeal for failure to comply with the relevant appellate rules? Well, Your Honor, I did not understand. I submitted my briefs to appellate counsel,  that I trusted to make sure they told me everything I needed to do. It would be improper to dismiss it without giving me leave to supplement the record, particularly when nothing I have said in my briefs has been contradicted by counsel for the trustee in any way. Okay. We have lots of case law supporting dismissal as a sanction for violations as significant as these. I understand, Your Honor. I've made my argument as to why I would request leave. So it's not improper? I'm not arguing with the court on that point. That's what you just said. It is a proper sanction. I'm sorry. If I use the word improper, I apologize. I would request that the court give me leave to supplement the record as appropriate. Okay, that's noted. Understood, Your Honor. And I'll reserve remaining time for rebuttal. That's fine. Mr. Nickel? May it please the court. My name is Daniel Nickel. I am the attorney for the plaintiff or response Chapter 7 trustee of the Bankruptcy Estate of Chicago Management Consulting Group, who is the plaintiff in this case. Your Honors, I have three short points. There's no record. There's essentially no appendix. And thirdly, I am asking for sanctions for defending against what I think is a frivolous appeal. Did you file a separate motion asking for sanctions? It was in the... I did not judge. That's a requirement to the rules. Okay, understood. Then I'll focus on points one and two. Your Honors, as Your Honors noted, the appellant has not followed Rules 10 or Rule 11 or Rule 30 as to providing a record to review. Mr. Nickel, can you... Let's move past the record issue for a second. Can you explain why the presentation on pages 7 and 8 of the blue brief, where the West Report is contrasted with Trustees Exhibit 32, and the argument, of course, is that there was an egregious omission from the West Report. Why, in your view, that argument lacks merit? Just focus on the merits. Let's move past the appendix issue and the court rules and all that. It lacks merit because... First of all, the appellant has to point out that it was clear error. The judge Weidoff's factual findings were clear error. It was not clearly erroneous to rely on what the... on what the trustees expert, Lois West, said compared to that flowchart. The spreadsheet that is provided there, as Judge Alonzo noted in the court below, nobody knows where that came from. There's nothing in the record. There was nothing said at trial at where that came from. That being Trustees Exhibit 32? I vote. Judge, could you... Do you have the blue brief or not? Yes, I do. Okay, just look at page 7. Okay. Okay, let's just take the top two left-hand portions of it. Okay. What your adversary is saying is that, look, the West report has an egregious error in it because it omits about $100,000 of assets in the form of receivables from BP. And had those assets been included, well, the net worth would have been positive. And if the net worth is positive, the debtor's not insolvent at the time of such fraudulent transfers. That's the argument, right? Yes. And your response to that on the merits? On the merits, Your Honor, what this doesn't take account for is net worth. And that was the standard that Judge Weedoff required and that the expert testified to. This represents only gross. What this doesn't reflect is that the debtor corporation, he had subcontractors he had to pay. He got money from upstream, from BP, and of that, the monies that he received, the liabilities he had to pay substantially. Well, almost all of it. I won't cite any percentage, but he had to pay most of that to his subcontractors. He kept the extra as his profit on the matter. That number doesn't reflect that. Is there any doubt whatsoever about that as a factual matter? Because I'll just tell you, I think you're right from the way I read the record. Do you have any reservation about that? I have no reservation about that. If Your Honors have no other questions from me, I'm going to rest. I have nothing further to say. That's fine. Thank you. You have some time left. Thank you, Your Honor. Responding to the last point regarding net and gross, the purpose of Ms. West's analysis of the QuickBooks was to reveal whatever was in the QuickBooks regarding assets and liabilities. The point of Exhibit 32, Trustees' Exhibit 32, was to show there were assets she had overlooked. There is no evidence in the record that she overlooked any liabilities. That is, the accounts payable, as far as we know, were accurately reflected in the QuickBooks already. That's the point of the analysis. Counsel has not pointed this court to any other payables that would offset those accounts receivable that aren't already reflected in Ms. West's. But hold on, hold on. The record here, the bankruptcy court made a finding, which is completely aligned with the district court's conclusions, as I follow them, and you can tell me I'm wrong, that the debtor Chicago Management Consulting Group used contractors to do the work for BP, generating accounts receivable, of course, but also accounts payable. Isn't that what backs his point? And so all he's saying is that you've got to do this on a net basis. You can't just gross up the balance sheet and ignore the liability side of it. True, but I'm sorry to interrupt. No, go ahead. The issue is, are the accounts payable that are coordinated with those accounts receivable already in the books? That's the point. Ms. West listed the accounts payable in her QuickBooks analysis. What wasn't listed were the accounts receivable. So she had half the net computation in the books. That is, she had the liabilities portion. She just didn't have all the assets. It's not a question of the accounts payable being booked at the same time the accounts receivable are booked because what happens is that the people do the work, the invoice is sent out, they've got an accounts payable, the debtor has an accounts payable to the people who did the work. But the accounts receivable has... The problem is that how do I have any idea whether you're right or not without the West report? Well, the West report... I just got to take your word for it. Well, no, not exactly because he hasn't contested that the West report reflects the liabilities, the accounts payable in the company. There is no argument, there is no evidence there is no position taken by the trustee anywhere that there were these other accounts payable liabilities lying out there that Ms. West didn't cover because if that's his point, then she didn't cover those either. The last point I want to make was the comment by the district court judge that Trustees Exhibit 32 was a document of unknown origin. That is absolutely not true. The document was prepared by Trustees Council, it was submitted by Trustees Council as an exhibit, it was admitted into evidence, and it expressly states that it is based on the bank records of the bankruptcy debtor, which also were in evidence as Trustees Exhibit 24. That concludes what I want to present on rebuttal. All right, thank you. Our thanks to both counsel. The case is taken under advisement.